**FOGEL v. UNITED STATES et al.**

United States District Court
S. D. New York.
Nov. 16, 1951.

Gair & Gair, New York City, proctors for libelant, by Louis Feren, New York City, of counsel.

Myles J. Lane, U. S. Atty., New York City, proctor for respondents, by Thacher, Proffitt, Prizer & Crawley, New York City, of counsel; Joseph M. Brush, Edward C. Kalaidjian, New York City, advocates.

Mendes & Mount, New York City, proctors for respondent-impleaded, by Frank A. Bull, Daniel Huttenbrauck, New York City, advocates.

GODDARD, District Judge.

The administratrix of the estate of Max Fogel, a former employee of the Bethlehem Steel Company, sued the United States of America and The War Shipping Administration under the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq., to recover damages for the decedent's death. The United States under Admiralty Rule 56, 28 U.S.C.A., impleaded the Bethlehem Steel Company, the employer, claiming that if the United States should be held liable to libelant, it is entitled to be indemnified by Bethlehem.

On June 17, 1947, about six o'clock in the afternoon, Max Fogel stepped on the starboard after corner of the No. 3 'tween deck hatch cover on the steamship Asa Gray. The hatch cover gave away and he fell through the hatch, sustaining injuries which resulted in his death a few hours later.

The Asa Gray, owned by the United States, at the time Fogel met his death was in the shipyard of the Bethlehem Steel Company at 27th Street, Brooklyn. At the time of the accident, The Asa Gray, a troop carrying liberty ship, was being converted back to a cargo ship by Bethlehem under a contract with the United States. Fogel was a welder employed by Bethlehem and with some other Bethlehem employees was working at No. 3 hatch.

Some days before the accident Bethlehem employees had rigged a hanging staging, hung on ⅝ inch wire cables, below the No. 3 'tween deck hatch. One of the cables was made fast near the after end of the 'tween deck, then passed over the 2½ inch high flange of the hatch coaming, then across the 4 inch flange upon which the hatch covers rested, and on down through the hatch to the needle beams supporting the staging. As originally rigged, the cable passed down through a two inch space between the coaming and the nearest hatch cover.

When The Asa Gray was delivered to Bethlehem, the covers of No. 3 hatch were in place but several days later they were taken off. On the morning of Fogel's accident, employees of Bethlehem had put hatch covers on the after end of No. 3 hatch so that wooden horses could be placed upon them as a staging upon which the men could work on the underside of the main deck. The hatch covers were of a uniform size—about 5 feet long, 26½ inches wide and 2½ inches thick, with metal straps about 2½ inches wide and ¼ inch thick around the ends.

During the day, the cable, which tended to be pulled to the starboard, shifted several inches so that the hatch cover, which was 26½ inches wide, instead of resting upon the flange, was raised up about 2 or 3 inches so that it rested upon the incline of the cable and when Fogel stepped upon the end of the cover it tilted and fell through the hatch with Fogel.

The Asa Gray had only a skeleton crew aboard, none of whom participated in the work nor were present when the accident happened.

Respondent United States, urges that if anyone is responsible for the accident, it is not the respondent, but the Bethlehem Steel Company. Respondent contends that if it should be held liable, it is entitled to indemnity from Bethlehem under its contract with Bethlehem.

The respondent has shown that at the time The Asa Gray was delivered to Bethlehem's shipyard on May 26, 1947, the hatch covers were in place and in good condition. Libelant submitted some testimony as to the condition of the hatch cover at the time of the accident but there is no convincing evidence that the hatch cover was defective.

The hatch cover gave away when Fogel stepped on it because it was resting insecurely upon the wire instead of on the flange of the coaming. The dangerous condition was caused by Bethlehem's employees who had rigged the cable in such a manner that it was likely to and did get underneath the hatch cover and dislocate it so that if anyone stepped on the cover near the edge, it would tend to tilt and fall. This dangerous condition of the hatch cover was created by the employees of Bethlehem who had been engaged since May 26, 1947 in making the repairs to The Asa Gray under its contract with the United States and was in control of the ship, or at least that portion of the ship where the repairs were being made and the accident occurred.

Since Bethlehem is responsible for the condition which caused the decedent's death, libelant cannot recover from the United States. Lynch v. United States, 2 Cir., 163 F.2d 97; Guerrini v. United States, 2 Cir., 167 F.2d 352, O'Connell v. Naess, 2 Cir., 176 F.2d 138, 140.

However, libelant cannot recover from Bethlehem in this suit, for she is confined to relief against it under the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq.

The libel and the impleading petition must be and are dismissed. No costs. Proposed findings of fact and conclusions of law to be submitted promptly upon three days notice.